**Order entered October 22, 2014**



**In The**

**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-13-01553-CR

**JOHN MICHAEL JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F12-62863-J**

## ORDER

On August 15, 2014, this Court ordered the Dallas County District Clerk to file, within fifteen days, a supplemental clerk's record containing the guilt phase jury charge for trial court no. F12-62863-J (05-13-01553-CR) or written verification the charge could not be located. Because the above cases were tried together with trial court nos. F12-62862-J and F13-00351-J, styled *Morris Jones v. The State of Texas*, we directed the District Clerk to include the files of these two cases in his search for the missing guilt phase jury charge for trial court no. F12-62863-J. When we did not receive it by September 11, 2014, we again ordered the Dallas County District Clerk to file a supplemental record containing the guilt phase jury charge for this case. On September 22, 2014, we received a supplemental clerk's record containing the punishment phase jury charge for this case, as well as the punishment phase jury charges for trial court numbers F12-62862-J and F13-00351-J, styled *Morris Jones v. The State of Texas*. None of these documents is what the Court ordered.

Accordingly, we **ORDER** the trial court to make findings regarding whether the guilt phase jury charge in the above case is in the possession of the Dallas County District Clerk's Office or whether that jury charge has been lost or destroyed.

If the trial court finds that the Dallas County District Clerk's Office does not have possession of the guilt phase jury charge in this case or that the document has been lost or destroyed, the trial court shall determine whether the parties, by written stipulation can deliver a copy of the guilt phase jury charge to the Dallas County District Clerk for inclusion in a supplemental clerk's record.

If the parties cannot agree, the trial court is **ORDERED** to determine what constitutes an accurate copy of the guilt phase jury charge in the above case and order that it be included in a supplemental clerk's record. *See* TEX. R. APP. P. 345(e).

We **ORDER** the trial court to transmit to this Court, within **THIRTY DAYS** of the date of this order, a record containing its written findings of fact, any supporting documentation, and the document that is has determined is an accurate copy of the guilt phase jury charge in this case.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Gracie Lewis, Presiding Judge, Criminal District Court No. 3; Gary Fitzsimmons, Dallas County District Clerk; and to counsel for all parties.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the supplemental record is received.

/s/     LANA MYERS
          JUSTICE